UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 26-mj-80 DJF

| UNITED STATES OF AMERICA, | ) | **Sealed Under LR 49.1(d)** |
| --- | --- | --- |
| Plaintiff, | ) | |
| | ) | GOVERNMENT'S PETITION TO |
| | ) | SEAL DOCUMENTS |
| v. | ) | |
| | ) | |
| JOSHUA DOYLE, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

The United States, pursuant to LR 49.1(d), hereby respectfully petitions this Court for an Order authorizing the sealing of certain documents in the above-entitled matter. The United States respectfully requests that the Court authorize the sealing of the Complaint, Arrest Warrant, the Affidavit of Richard Berger in support thereof, and this Petition to Seal, for a period of six months from the date of the Court's Order, based on the reasons stated herein.

1. This matter involves an ongoing investigation into an alleged violation of 18 U.S.C. § 111(a).

2. The Affidavit of HSI Special Agent Richard Berger submitted in support of the Complaint Warrant, sets forth facts regarding the ongoing criminal investigation and alleged acts and offense of a specific perpetrator who is wanted for probable cause to believe the perpetrator committed the offense alleged.

3. The warrant documents presented to this Court for *in camera* review include detailed investigative information of the alleged offense and witness(es), victim(s), and potential evidence. Premature disclosure of the information could

jeopardize the ongoing investigation into the alleged criminal offense and potentially the privacy of individuals who may ultimately not be indicted.

4. Nondisclosure of the documents is necessary to prevent the ongoing investigation from being compromised and for the safety of officers conducting the investigation and who will be effecting the arrest of the defendants. Immediate public filing of the warrant documents would, among other things, compromise details about the nature, extent, and scope of the investigation; hinder post-execution investigation into the criminal acts described in the supporting Affidavit, including the pursuit of leads developed as a result of executing the warrant itself; and alert targets known and unknown about the nature, extent, and scope of the investigation. Compromising the pursuit of alleged criminal activity during the active investigative stage would also provide witnesses, subjects, and targets, known and unknown, an opportunity to conceal or destroy evidence or otherwise obstruct the investigation, change patterns of behavior, notify potential co-conspirators, flee the jurisdiction, ascertain other likely targeted places to be searched, and/or seek to intimidate or retaliate against individuals whom they believe, erroneously or not, are cooperating with law enforcement.

5. The documents also contain identifying information of, and circumstances relating to, an individual or individuals allegedly involved in criminal activity in some way who may not be indicted in this case. Nondisclosure of the documents at this stage is also necessary to protect their identity and/or to minimize

the substantial risk that revelation of details set forth in the documents could cause to their reputation.

6. The Court's supervisory power to prevent disclosure of its files, especially for a limited period of time, is well established, and has been recognized by the United States Supreme Court and the Eighth Circuit. *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978); *In re Search Warrant for Secretarial Area Outside Office of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988).

For all the foregoing reasons and those stated in the Affidavit of SA Richard Berger, the United States respectfully requests that the Court grant its Petition to Seal Documents and order that the Complaint, Arrest Warrant, the Affidavit of Richard Berger in support thereof, and this Petition to Seal, be sealed for a period of six months from the date of this Court's Order, or until **March 27, 2026**, whichever is later.

Dated: <u>January 26, 2026</u>    Respectfully submitted,

DANIEL N. ROSEN
United States Attorney

BY: <u>/s/ *Kristian Weir*</u>
KRISTIAN WEIR
Assistant United States Attorney
District of Minnesota
Attorney ID No.