UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. 26-mj-80 (KMM/EMB) |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | **JOSHUA DOYLE'S MOTION TO** |
| | ) | **DISMISS FOR LACK OF PROBABLE** |
| JOSHUA DOYLE, | ) | **CAUSE** |
| | ) | |
| Defendant. | ) | |

Joshua Doyle, by and through his attorney, moves this Court, to dismiss the information for lack of probable cause.

On January 21, 2026, Homeland Security Investigation employees were conducting surveillance in Minneapolis. Two HSI employees allege that as they sat in their vehicle conducting surveillance Mr. Doyle approached the vehicle on foot. According to the HSI employees Mr. Doyle crouched in front of the vehicle and appeared to be pointing his phone toward the vehicle and made derogatory statements toward the HSI employees as they sat in their vehicle. The HSI employees allege Mr. Doyle then touched the vehicle. The HSI employees state they instructed Mr. Doyle not to touch the vehicle. The HSI employees allege they then attempted to drive away. They claim Mr. Doyle "pretended" to be struck by the vehicle. They allege Mr. Doyle then stood in front of the vehicle. The HSI employees then decide to exit their vehicle. As the HSI employee who was driving the vehicle exited the vehicle his phone fell and landed on the street. The HSI employee allege Mr. Doyle then told the HSI employee that he had dropped his phone. The HSI employee alleges Mr. Doyle kicked his hand as the HSI employee picked up the phone.

1

Mr. Doyle was then arrested by multiple HSI employees. No HSI employee suffered any injury. The incident was not recorded by any HSI employee.

Mr. Doyle recognizes that an information, like an indictment, generally cannot be challenged for lack of probable cause. *United States v. Funk*, 412 F.2d 452, 455 (8th Cir. 1969). However, courts also recognize that at times the presumption of probable cause can be set aside when "no reasonable construction can be said to charge the offense." *United States v. Nabors*, 45 F.3d 238, 240 (8th Cir. 1995). This is such a case.

The information in this case charges a single count violating 18 U.S.C. § 111(a)(1). (ECF No. 12). The Eighth Circuit model instruction 6.18.111 provides the following elements for Count 1:

> One, that the defendant forcibly assaulted, in this case a Homeland Security Investigation employee;
>
> Two, the assault was done voluntarily and intentionally; and
>
> Three, at the time of the assault, the Homeland Security Investigation employee was doing what he was employed by the federal government to do.
>
> An "assault" is any intentional and voluntary attempt or threat to do injury to the person of another, when coupled with the apparent present ability to do so sufficient to put the person against whom the attempt is made in fear of immediate bodily harm.
>
> "Forcibly" means by use of force. Physical force is sufficient but actual physical contact is not required. A person who, in fact, has the present ability to inflict bodily

harm upon another and who threatens or attempts to inflict bodily harm upon such person acts forcibly. In such a case, the threat must be a present one.

In this case, there is no evidence that Mr. Doyle committed an assault to the "person of another". There is simply no evidence the Government can produce in this case that establishes probable cause that any HSI employee suffered an injury or that a reasonable law enforcement officer would have been in fear of immediate bodily harm. Mr. Doyle recognizes that he is asking the Court to take the rare step to look past the charging document and examine probable cause, but in this case the facts simply do not establish probable cause of a violation of section 111(a)(1). At the motion hearing Mr. Doyle will offer evidence in the form of audio interviews of the HSI employees to support his motion.

Dated: March 12, 2026.                    Respectfully submitted,

                                          *s/ Aaron J. Morrison*

                                          AARON J. MORRISON
                                          Attorney ID No. 0341241
                                          Attorney for Mr. Doyle
                                          107 U.S. Courthouse
                                          300 South Fourth Street
                                          Minneapolis, MN 55415